# EXHIBIT A

ORIGINAL

20661683

FILED
ALAMEDA COUNTY

FEB 26 2018

CLERK OF THE SUPERIOR COURT
By _____
ERICA BAKER Deputy

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

RG18894432

NICOLE RANA, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

THE PERMANENTE MEDICAL GROUP, INC, and DOES 1-50, inclusive,

Defendants,

Case No.

**CLASS ACTION**

**COMPLAINT FOR:**

1. **FAILURE TO PAY OVERTIME (Labor Code §§ 510, 1194, 1198 And Wage Order 4)**
2. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (Labor Code §§ 226);**
3. **FAILURE TO PAY ALL WAGES OWED UPON TERMINATION (Labor Code §§ 201-203);**
4. **VIOLATION OF CALIFORNIA LABOR CODE §558**
5. **VIOLATION OF CALIFORNIA *BUSINESS AND PROFESSIONS CODE* §17200.**

BY FAX

1

CLASS ACTION COMPLAINT

# INTRODUCTION

1. Plaintiff brings this wage and hour Class Action against Defendants, and each of them, pursuant to Code of Civil Procedure §382. Plaintiff brings this action on behalf of herself and for the benefit of all other non-exempt persons employed by Defendants, and each of them, covered by Wage Order 4 who were not paid wages pursuant to California law prior and subsequent to the date this action was filed. All allegations in this wage and hour Class Action Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and her counsel. Plaintiff's information and beliefs are based upon, inter alia, the investigation conducted to date by Plaintiff and her counsel. Each allegation in this wage and hour Class Action Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

2. On information and belief, for at least four years prior to the filing of this action and through to the present, Defendants employed Plaintiff and the putative class members in Alameda County, and other counties in the State of California, and maintained and enforced against Plaintiff and the putative class members the systemic policies, practices, and/or customs complained of herein. Plaintiff seeks relief on behalf of herself, and the members of the Plaintiff Class, as a result of systemic employment policies, practices and procedures, more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards Enforcement, and which have resulted in the failure of Defendants to pay Plaintiff and members of the Plaintiff Class all wages owed to them. Said employment policies, practices and procedures are generally described as follows:

   a. Defendants required, suffered, employed, and/or permitted Plaintiff and class members to work in excess of regular work hours without the required overtime and/or double time compensation;

   b. Defendants failed to issue accurate itemized wage statements to their non-exempt employees, including Plaintiff and the class members, in violation of, *inter alia, Labor Code* §226 and Wage Order 4;

2

CLASS ACTION COMPLAINT

     c.    Defendants failed to pay Plaintiff and members of the Terminated Subclass all wages due upon termination of their employment, in violation of *Labor Code* §§ 201-203; and,

     d.    Violating *Business and Professions Code* §§ 17200 et seq. as further set forth below.

3.    Plaintiff also alleges that Defendants, and each of them, had the clear ability to pay such wages as are/were due and owing to the Plaintiff and members of the Plaintiff Class, but intentionally did not pay such wages, in conscious disregard of the rights of Plaintiff and the members of the Plaintiff Class to timely payment of their wages.

4.    This action seeks relief for the un-remediated violations of California law including, *inter alia*:

     a.    Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for non-payment of the wages due them and interest thereon;

     b.    Damages and/or penalties for Plaintiff and Class Members who were not issued accurate itemized wage statements in conformity with California law.

     c.    Damages and/or penalties for Plaintiff and Class Members who voluntarily quit, or were laid off and/or terminated, but who were not paid all wages due and owing in conformity with California law;

     d.    Implementation of other equitable and injunctive relief, including, *inter alia*, an injunction prohibiting Defendants, and each of them, from continuing to:

          i.    fail to pay all wages due in accordance with the *Labor Code* and Wage Order 4;

          iii.    fail to issue accurate itemized wage statements in accordance with the *Labor Code* and Wage Order 4; and,

          iv.    fail to pay all compensation due to their non-exempt employees at the time of the termination of their employment in accordance with the *Labor Code*; and,

     f.    Attorney fees and costs as provided by statute and/or applicable case law

3

CLASS ACTION COMPLAINT

including, without limitation, *Labor Code* §§ 226 and 1194, and *Code of Civil Procedure* § 1021.5; and such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to the provisions of the California *Labor Code* and regulations, as well as *Business & Professions Code* § 17200. Venue is proper in Alameda County because the conduct alleged herein which gives rise to the claims asserted occurred within Alameda County. Specifically, Plaintiff Nicole Rana worked for Defendant within Alameda County, and the wages herein claimed were earned by her in Alameda County.

## THE PARTIES

6. Plaintiff was employed by Defendants from May 2016, to on or about March 18, 2017.

7. Defendants directly hired Plaintiff in Alameda County. During all times relevant to this litigation, Plaintiff performed work at various times during the Class Period at agreed upon hourly and/or piece wage rates that varied over their period of employment.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant to this litigation, Defendant was and/or is a corporation, organized and existing pursuant to the laws of the state of California, which conducted and/or conducts its business in the State of California. Defendant directly employed Plaintiff and members of the proposed class to perform work in California at various locations.

9. The members of the proposed class are likewise current and former employees of Defendant, employed within the state of California as non-exempt employees.

10. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the defendants sued herein as DOES 1 through 50, inclusive, but on information and belief alleges that said defendants are in some manner legally responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges that each defendant named herein was the agent of the other, and the agent of all defendants.

Plaintiff is further informed and believes, and thereon alleges, that each defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other defendants, and that each defendant's actions as alleged herein was authorized and ratified by the other defendants.

11. Plaintiff is informed and believes and thereon alleges that that, for purposes of Labor Code §558, Defendant is an "employer or other person acting on behalf of an employer," of each member of the proposed putative class who suffered the Labor Code violations alleged in this Complaint. Plaintiff further alleges, on information and belief, that Defendant, caused the Labor Code violations, which are alleged in this Complaint.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

13. On information and belief, and at all times relevant to this litigation, Defendant owned, controlled, and/or operated multiple medical facilities throughout the state of California, which employed Plaintiff and similarly situated persons as non-exempt employees within the meaning of Wage Order 4. Such business operations are and were located in the State of California.

14. On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their non-exempt employees systemic policies and practices that resulted in Defendants not paying Plaintiff and other non-exempt employees all overtime wages due, pursuant to California law.

15. Defendant's policy and practice is to deny earned wages, including overtime pay, to its non-exempt hourly employees at its facilities throughout California. In particular, Defendant requires its employees to be present and perform work in excess of eight hours per day and/or forty hours per work week but fails to pay them overtime accordingly, and further fails to pay for all straight time hours worked.

16. The requirement to work overtime by non-exempt employees was frequent and unavoidable and employees were required to work overtime hours in order to complete their job

1  duties.

2  17.  Defendant implements its unlawful policy and practice of failing to pay for all overtime hours worked by non-exempt employees by frequently altering the overtime rate of pay to be less than the legally required rate. For example, when Plaintiff's regular pay rate was $40.0363 per hour, the legally required overtime rate was $60.05445 per hour. In actuality, Defendant paid her overtime hours at an inconsistent basis, sometimes as low as $60.0434 per hour. When Plaintiff's regular hourly rate was $41.2374, the minimum required overtime hourly rate was $61.8561, but Defendant compensated her at rates as low as $61.50 per hour.

18.  The net effect of Defendant's policy and practice, instituted and approved by company managers, is that Defendant willfully fails to pay the minimum required overtime compensation and thus willfully fails to issue accurate itemized wage statements, in order to save payroll costs.

19.  On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their non-exempt employees policies and practices whereby Defendants willfully failed to issue accurate itemized wage statements to Plaintiff and the other non-exempt production employees in violation of *Labor Code* §226.

20.  On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their non-exempt employees systemic policies and practices whereby Defendants willfully failed to pay all wages – specifically all overtime wages - Defendants owed Plaintiff and the other non-exempt employees at the time of layoff or at the time of their employment separation in violation of *Labor Code* §§201, 202 and 203.

21.  Plaintiff and members of the Terminated Subclass, whose employment with defendants was terminated during the Class Period, were routinely not paid, upon termination, all wages due to them, in violation of California *Labor Code* § 201-203. Specifically, members of the Terminated Subclass were not paid all legally owed overtime wages. During the Class Period, and continuing to the present, Defendants have had a consistent policy, practice, custom,

1  and/or habit of failing to provide members of the Terminated Subclass all wages due to them
2  upon termination.

3      22.    The wage and hour violations herein alleged were and are willful and deliberate,
4  and were taken pursuant to, and resulted from Defendants' systemic policies, customs, and
5  practices, which Defendants applied uniformly to Plaintiff and all members of the Plaintiff Class,
6  and which have resulted in the unjust enrichment of Defendants at the expense of Plaintiff and
7  members of the Plaintiff Class.

8      23.    As a direct result of the wage and hour violations herein alleged, Plaintiff and
9  members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to
10 the use and enjoyment of wages, lost interest on such wages, and expenses and attorney's fees in
11 seeking to compel Defendants to fully perform their obligations under state law, all to their
12 respective damage in amounts according to proof at the time of trial.

13                       **CLASS ACTION ALLEGATIONS**

14     24.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

15     25.    Plaintiff brings this action on behalf of herself and all others similarly situated as
16 a class action, pursuant to *California Code of Civil Procedure* § 382.   The class which Plaintiff
17 seeks to represent is composed of and defined as follows:

18     Plaintiff Class:

19         All persons who are employed or have been employed by
20         Defendants in California, who were, at any time within four years
21         of the filing of this Complaint, classified as a non-exempt
22         employee.

23     Terminated Subclass:

24         All members of the Plaintiff Class whose employment ended
25         during the Class Period.

26     26.    Excluded from the Plaintiff Class and Terminated Subclass are any of
27 Defendants' leads, supervisors, managers, shift leaders, crew leaders, or any other employees in
28 a managerial or supervisory position that were involved in enforcing or effectuating the unlawful

conduct alleged herein.

27. The Class Period is the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.

A. <u>Numerosity</u>

28. The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to defendants, Plaintiff are informed and believes that the class includes potentially thousands of members, working at hundreds of locations across California.

B. <u>Commonality</u>

29. Common questions of law and fact exist as to all members of the class which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    a. Whether Plaintiff and members of the proposed class are subject to and entitled to the benefits of California wage and hour statutes;

    b. Whether Defendants violated the applicable Labor Code and Wage Orders by not paying all overtime wages owed to Plaintiff and to the Plaintiff Class;

    c. Whether Defendants had a standard policy and/or practice of failing to provide Plaintiff and members of the Plaintiff Class with accurate and proper wage statements upon payment of wages, in violation of *Labor Code* § 226;

    d. Whether Defendants had a standard policy and/or practice of failing to promptly pay compensation owing to Plaintiff and members of the Terminated Subclass upon termination of their employment, in violation of Labor Code §§ 201-203;

    e. Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

f.    Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, et seq.

C.    <u>Typicality</u>

30.    The claims of the named Plaintiff are typical of the claims of the members of the proposed class. Plaintiff and other class members sustained losses, injuries and damages arising from defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as to Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

D.    <u>Adequacy of Representation</u>

31.    Plaintiff is an adequate representative of the proposed class because she is a member of the class and her interests do not conflict with the interests of the members she seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the class. The interests of the class members will fairly and adequately be protected by Plaintiff and her attorneys.

E.    <u>Superiority of Class Action</u>

32.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all class members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individual, repetitive lawsuits. Individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

33.    The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the *California Code of Civil Procedure* section 382 because:

a.    The prosecution of separate actions by numerous individual class members would

9

CLASS ACTION COMPLAINT

1  create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants; and

    b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION

OVERTIME AND DOUBLE TIME WAGES
(Labor Code §§ 218.6, 558, & 1194, and Wage Order 4)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

34. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

35. At all times relevant, Defendants, and each of them, have failed to properly calculate and pay Plaintiff and the class members the required overtime or double time premium wages in accordance with the applicable statutes and Wage Order 4, in amounts to be proven at trial.

36. As a result of each Defendants' failures, Plaintiff and the class members are entitled to each recover the unpaid overtime and double time wages due, plus interest, attorney's fees, and costs.

### SECOND CAUSE OF ACTION

ITEMIZED WAGE STATEMENT (CHECK STUBS) PENALTIES
( LABOR CODE §§226 and 558)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

37. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

38. At all times relevant, each Defendant violated *Labor Code* § 226(a) by falsely or failing to provide accurate, itemized wage statements, because the statements failed to accurately report one or more of the following:

a. all employers' names and addresses;

b. total hours worked;

10
CLASS ACTION COMPLAINT

  c. applicable rates of pay;

  d. the number of piece rate units;

  e. the applicable piece rate;

  f. the rate of pay and total hours for each assignment; and,

  g. gross and net wages earned.

39. Pursuant to *Labor Code* §§ 226(e) and (h), Plaintiff and each class member are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). Plaintiff and each class member are further entitled to an award of costs and reasonable attorney's fees.

40. Defendants failed to accurately record the wages due to Plaintiff and members of the proposed class, specifically including, but not limited to, by failing to record the legally required minimum overtime rate for Plaintiff and Class members.

41. Plaintiff and members of the Plaintiff Class were injured by Defendants' failure to provide accurate wage statements because, among other things, they were unable to determine the proper amount of wages actually owed to them, and whether they had received full compensation therefor.

42. Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* § 226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

### THIRD CAUSE OF ACTION

WAITING TIME PENALTIES
(CALIFORNIA LABOR CODE §§ 201-203 and 558)
*Plaintiff Individually and on Behalf of the Terminated Subclass Against Defendants*

43. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

44. *Labor Code* §§ 201 and 202 require that Defendants pay their employees all

wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

45. Plaintiff and the class members are entitled to compensation for all wages earned, including without limitation, the unpaid overtime wages not provided, but to date have not received such compensation.

46. More than 30 days have passed since Plaintiff and Terminated Subclass members terminated from their employment with Defendants. Defendants have not paid Plaintiff and each Subclass member whose employment has ended all wages owed. As a consequence of Defendants' willful conduct in not paying Plaintiff and each Subclass member all earned wages at the time their employment with Defendants ended, Plaintiff and each Terminated Subclass member is entitled to 30 days' wages as a penalty under *Labor Code* § 203.

## FOURTH CAUSE OF ACTION

PENALTIES UNDER CALIFORNIA LABOR CODE § 558
*Plaintiff Individually and on Behalf of the Class Against Defendants*

47. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

48. California Labor Code Section 558 provides:

> "(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover

underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."

49. At all times relevant, Defendants, and each of them, have routinely and systematically committed numerous violations of IWC Wage Order 4, as detailed above, including but not limited to failure to pay Plaintiff and each class member all overtime wages due.

50. Pursuant to Labor Code section 558, Plaintiff is entitled to recover a penalty of $50.00 for the initial failure to compensate employees for all hours worked, at the applicable rates and $100.00 for each subsequent failure by Defendants.

51. As a proximate result of Defendants' failure to pay overtime and/or double time wages as alleged above, plaintiff is entitled to recover from Defendants penalties pursuant to section 558 in excess of $100,000.00 or such greater amount as may be established according to proof at trial, for an award of interest, including prejudgment interest, at the legal rate, and for costs of suit.

## FIFTH CAUSE OF ACTION

RESTITUTION
(Unlawful Competition in Violation of Business and Professions Code §§ 17200 et seq.)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

52. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

53. Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

54. Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the proposed class have suffered and continue to suffer injury in fact and deprivation of wages and monies as a result of Defendants' actions.

55. The actions of Defendants, as herein alleged, amount to conduct which is unlawful and a violation of law. As such, said conduct constitutes unfair business practices, in violation of *Business and Professions Code* §§ 17200 et. seq.

56. Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, and by failing to provide proper wage statements. Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

57. As a result of such conduct, Defendants have unlawfully and unfairly obtained monies owed to Plaintiff and the members of the Plaintiff Class.

58. All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due to Plaintiff and members of the Plaintiff Class can be readily determined from Defendants' records. The members of the proposed class are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

59. During the Class Period, Defendants committed, and continue to commit acts of unfair competition as defined by Sections 17200 et. seq. of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

60. Defendants' course of conduct, acts, and practices in violation of the California laws, as mentioned in each paragraph above, constitute distinct, separate and independent violations of Sections 17200 et seq. of the *Business and Professions Code*.

61. The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned but unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* §§ 17200, et seq.

62. Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

63. Defendants' course of conduct described herein further violates *Business and Professions Code* §§ 17200, et seq., in that it is fraudulent, improper, and/or unfair.

64. The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein above have injured Plaintiff and members of the Plaintiff Class in that they

<007">

were wrongfully denied the timely and full payment of wages owed to them.

65. Defendants have been unjustly enriched as a direct result of their unlawful business practices alleged in this complaint and will continue to benefit from those practices and have an unfair competitive advantage if allowed to retain the unpaid wages.

## ATTORNEY'S FEES AND COSTS

66. Plaintiff is entitled to fees and costs, pursuant to California law, including, without limitation, *Code of Civil Procedure* § 1021.5 and *Labor Code* §§ 226 and 1194. Further, enforcement of statutory provisions enacted to protect workers and to ensure prompt payment of wages due employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the public.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and on behalf of the members of the Plaintiff Class, pray for judgment against defendants as follows:

A. For an order certifying the proposed class;

B. For the attorneys appearing on the above caption to be named class counsel and for the named Plaintiff to be appointed class representative;

C. For compensatory damages in an amount according to proof with interest thereon;

D. For economic and/or special damages in an amount according to proof with interest thereon;

E. For payment of unpaid wages in accordance with California labor law;

F. For payment of penalties in accordance with California law;

G. For Defendants to be found to have engaged in unfair competition in violation of California *Business and Professions Code* §§ 17200, *et seq.*;

H. For Defendants to be ordered and enjoined to make restitution to Plaintiff and the class and disgorgement of profits from their unlawful business practices and accounting, pursuant to California *Business and Professions Code* §§ 17203 and 17204;

I. For interests, attorneys' fees and cost of suit under *Labor Code* §§ 226 and 1194 and

1  *Code of Civil Procedure* §1021.5; and,

2  J.   For all such other and further relief that the court may deem just and proper.

### JURY DEMAND

Plaintiff, on behalf of himself and all other similarly situated, hereby demands a trial by jury in this case.

Dated: February 23, 2018                    By: _____

Law Offices of Todd M. Friedman, P.C.
Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Attorneys for Plaintiff and the Proposed Class

CLASS ACTION COMPLAINT